# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES -- GENERAL

Case No.    **CV 12-3076-JFW (SHx)**                                Date: April 20, 2012

Title:    Lawrance Garcia -v- Home Depot U.S.A., Inc., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　None                                                                                                None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO VENTURA COUNTY SUPERIOR COURT**

On January 5, 2012, Plaintiff Lawrance Garcia ("Plaintiff") filed a Complaint against Defendant Home Depot U.S.A., Inc. ("Defendant") in Ventura County Superior Court.  On April 9, 2012, Defendant filed a Notice of Removal of Action Under 28 U.S.C. Section 1441(b) ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  In its Notice of Removal, Defendant fails to allege the citizenship of Plaintiff. Accordingly, this action is **REMANDED** to Ventura County Superior Court for lack of subject matter

Initials of Deputy Clerk  sr

jurisdiction.[1]  *See* 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.

---

[1] The Court also notes that Defendant, in its Notice of Removal, cites to the "place of operations test" set forth in *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (2001), which was abrogated by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

Initials of Deputy Clerk  sr